## CIRCUIT COURT OF GOOCHLAND COUNTY

Evelyn C. Puffenbarger et al.

v.

Board of Supervisors
of Goochland County et al.

February 28, 1985

By JUDGE F. W. HARKRADER, JR.

After a careful review of the evidence and your respective arguments in the above captioned matter, I have arrived at the following conclusions.

First, as we have previously indicated, the plaintiffs do have the standing to sue. The suit is one against their Board of Supervisors, alleging that it has acted in controvention of the Virginia statutes and local ordinances. It would appear that Virginia Land Trust is a party to this suit only because its interest will be directly affected by the outcome of the suit. The plaintiffs have also demonstrated that their location and proximity to the zoning provides them with a direct, as well as an indirect, interest in the application of the zoning ordinance.

Next, we consider whether conditions were added, deleted, or changed after the public hearing, in violation of Section 23.1A of the Goochland Zoning Ordinance, and 15.1-491.1 through 15.1-491.6 of the Code of Virginia. The plaintiff contends that certain proffers were added, deleted, or changed after April 13, 1982, thus violating 15.1-491.2 of the Code of Virginia. Clearly, the Goochland County Board of Supervisors was empowered to rezone 800 acres instead of the requested 1706 acres of land, in the exercise

of its power to make appropriate changes as authorized by 15.1-493(C).

We think that the changes in the language of proffers and the elimination of certain proffers which were occasioned solely by the reduction in acreage and no more than descriptive of that reduction in acreage as it applies to those proffers are permissible without the necessity of submission to a further public hearing.

Likewise, where there is a change in verbiage, but not in substance, there is no necessity in a further public hearing. We concur with counsel for the defendant in his listing of items falling in these categories as set out on pages 9, 10, and 11, of defendant's Virginia Land Trust Ltd., brief.

Counsel agree that there is a third category of proffers which were not in writing, and some of which were orally addressed by the board on May 4. Counsel for the defense suggest that these should not be considered by the Court, and that the Court should treat them as not existing, null and void. These are listed at the end of page 12 of defendant's Virginia Land Trust Ltd., brief.

All of the conditions were considered by the Board prior to adoption of the May 4, 1982, ordinances. It would appear that defendants agree that the developer is bound by all of the conditions. The ordinances were voted on by a single vote arrangement, which appears to have been more than a matter of convenience. We think the board viewed the items in its May 4, 1982, ordinance as an integrated whole. Without one or more of the conditions which we are now asked to consider as void, the ordinance may not have been adopted by the Board. We think the consideration and inclusion of the admittedly illegally adopted conditions invalidated the ordinance in its entirety.

Although the foregoing finding of the Court is determinative in this case, we will address briefly the remaining issues.

On the question of whether the conditions included mandatory dedication of land in violation of 23.1A of the Goochland Zoning Ordinance, and 15.1-491.2 of the Code of Virginia, we think that it is well established that where statutory language is clear, the Court need not look to legislative intent. We think "mandatory

dedication" would be meaningless surplusage if voluntary dedication of land were not permissible. The Court will not infer that the legislature included the word mandatory without purpose. We do not think the evidence established, that any mandatory dedication was required of the developer. The validity of the ordinance is presumed, and there is no evidence of mandatory dedication sufficient to overcome this presumption.

The Court has grave concerns as to whether or not there exist a sufficient identification of parcels subject to rezoning.

We further think that the evidence would support a holding that the board may have gone too far in delegating its legislative responsibility and authority to its staff in connection with the final approval of the particular parcel subject to B1 rezoning in R82-3. The Court also has concern about the procedure used in the R82-3 rezoning, including a revision of unspecified parcels to an RPUD classification. This procedure does not appear to be authorized by the Code of Virginia. The procedure prescribed in condition # 7 to the R82-3 rezoning, appears improper because it provides for two stage rezoning with final designation of the land involved to occur at a later time and an automatic reversion of other land to a different zoning classification.

In view of the foregoing, we hold that the May 4, 1982, ordinance is void and the plaintiffs are granted a permanent injunction prohibiting Virginia Land Trust Ltd., from proceeding with its proposed development under the May 4, 1982, ordinances.